UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SEAN YOUNG,

                Plaintiff,

v.	9:04-CV-1265
                                                                                      (NAM/GHL)
STATE OF NEW YORK, *et al.*,

                Defendants.
_____

APPEARANCES:	OF COUNSEL:

SEAN YOUNG
  Plaintiff, *Pro Se*
404 East 105th Street, Apt. 2E
New York, NY 10029

HON. ELIOT L. SPITZER	GERALD J. ROCK, ESQ.
Attorney General for the State of New York	Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224-0341

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This action has been referred to the undersigned for Report and Recommendation by the Honorable Norman A. Mordue, United States District Judge, pursuant to Local Rule 72.3(c) and 28 U.S.C. § 636(b). Plaintiff Sean Young ("Plaintiff") commenced this action pursuant to "42 U.S.C. § 1983 and related state laws." (Dkt. No. 1.) Generally, he alleges that Defendants New York State, DOCS Commissioner Glenn S. Goord, Marcy Correctional Facility, Superintendent Gary Green, and Corrections Officers John Does # 1-5 (collectively "Defendants"), by permitting Plaintiff to be assaulted while he was incarcerated at Marcy Correctional Facility, violated his

rights under 42 U.S.C. § 1997 *et seq.*, "the United States Constitution," and "the laws of the State of New York." (*Id.*)  Currently pending is Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. No. 10, Part 1.)  Plaintiff has not opposed the motion.  For the reasons that follow, I recommend that Defendants' motion be granted.

I.     BACKGROUND

For a complete statement of Plaintiff's claims, reference is made to his complaint, which was drafted by an attorney.  (Dkt. No. 1.)  In pertinent part, Plaintiff's complaint contains the following allegations.  On April 16, 2001, while Plaintiff was incarcerated at Marcy Correctional Facility ("Marcy C.F."), the John Doe Defendants, without any justification, assaulted him as he was returning to Unit C-1 from lunch.  (Dkt. No. 1, ¶¶ 2, 20, 29.)  Specifically, they "beat, kicked, punched, and stepped on [him] while he lay on the ground helpless." (*Id.* at ¶ 21.)  They caused injuries to Plaintiff's head, face and body which were "severe," "permanent," and "clearly visible." (*Id.* at ¶¶ 3, 23, 30.)  Then, knowing that Plaintiff was to be released the next day (on April 17, 2001), John Doe Defendants intimidated Plaintiff into giving false statements about the incident to a nurse at Marcy C.F.  (*Id.* at ¶ 22.)  Plaintiff did not receive medical attention from Mary C.F. before he was released on April 17, 2001.  (*Id.* at ¶ 3.)  On April 18, 2001, Plaintiff went to Metropolitan Hospital in New York City, where he was treated for his injuries.  (*Id.* at ¶ 23.)  Within 90 days of the assault, Plaintiff served a copy of his claim in writing upon Defendant New York State.  (*Id.* at ¶ 7.)  Nonetheless, the assault was not investigated, and the officers were not disciplined.  (*Id.* at ¶¶ 4, 28.)  Indeed, their behavior was, in various ways, condoned and even caused by the other defendants.  (*Id.* at ¶¶ 4, 13-16, 24-25, 27-28, 37.)

On January 26, 2005, Defendants moved to dismiss the complaint on six grounds: (1) the

Eleventh Amendment bars Plaintiff's claims against the State of New York and Marcy Correctional Facility; (2) the Eleventh Amendment bars any claims for money damages by Plaintiff against Defendants Goord and Green in their official capacities; (3) Section 24 of the New York Corrections Law bars Plaintiff's state law claims; (4) Plaintiff's claims of negligence fail to state a claim in actions brought pursuant to 42 U.S.C. § 1983; (5) Plaintiff's claims against the John Doe Defendants should be dismissed because none of them have been identified or served with process and, thus, Plaintiff has failed to obtain personal jurisdiction over them; and (6) Plaintiff's complaint fails to allege the personal involvement of Defendants Goord and Green sufficient to state a claim. (Dkt. No. 10, Part 2 [Mem. of Law].)[1]

By Order filed on March 25, 2005, the Court (1) reminded Plaintiff that he had not yet responded to Defendants' motion to dismiss, (2) granted Plaintiff an extension until April 25, 2005, to so respond, and (3) advised Plaintiff that his failure to so respond would be deemed consent to the relief requested in Defendants' motion. (Dkt. No. 12.) Still, Plaintiff did not respond to Defendants' motion to dismiss.

---

[1] I summarize these six grounds in a slightly different way than the way Defendants present them. (*See*, *e.g.*, Dkt. No. 10, Part 2 [Mem. of Law] at Table of Contents and 1.) For example, I reorder certain of Defendants' arguments, to group together Defendants' immunity arguments. Also, I elevate to the stature of "main" arguments two arguments that Defendants make in footnotes, because I perceive these arguments to be significant. (*See* Dkt. No. 10, Part 2 [Mem. of Law] at notes 1 and 3.) The most substantive change I make, however, is combining Points "III.A" and "III.B." in Defendants' memorandum of law. (Dkt. No. 10, Part 2 [Mem. of Law] at 3-6.) I do this because I fail, despite much effort, to appreciate the practical distinction between these two arguments. To the extent Defendants mean to distinguish between a challenge to the "sufficiency of the pleading" under Rule 8(a)(2) (by way of Rule 12[b][6]), and a challenge to the legal cognizability of the claim under Rule 12(b)(6), Defendants may rest assured that I do appreciate, and discuss, that distinction.

## II. DISCUSSION

"Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3).

Here, Defendants' motion to dismiss is properly filed, Plaintiff has failed to oppose it (despite being warned of the possible consequences of that failure), and Plaintiff has failed to show good cause why his failure to oppose Defendants' motion should not be deemed as consent to the granting of the motion. Nevertheless, pursuant to Local Rule 7.1(b)(3), I must determine whether Defendants have met their burden to demonstrate entitlement to dismissal under Federal Rule 12(b)(6).[2]

### A. Law Generally

A defendant may move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To prevail on such a motion, the defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (citations omitted).[3] A defendant may base this motion on

---

[2] *See* also Fed. R. Civ. P. 7(b)(1) (requiring motions to, *inter alia*, "state with particularity the grounds therefor").

[3] *See also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") (internal quotations and citation omitted).

4

either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Rule 8(a)(2) of the Federal Rules of Civil Procedure;[4] or (2) a challenge to the legal cognizability of the claim.[5]

Rule 8(a)(2) requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a)(2)

---

[4] *See* 5C Wright & Miller, *Federal Practice and Procedure* § 1363 at 112 (3d ed. 2004) ("A motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") (citations omitted); *Princeton Indus., Inc. v. Rem*, 39 B.R. 140, 143 (Bankr. S.D.N.Y. 1984) ("The motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a 'short and plain statement' that the pleader is entitled to relief."); *Bush v. Masiello*, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This motion under Fed. R. Civ. P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed. R. Civ. P. 8(a)(2) which calls for a 'short and plain statement that the pleader is entitled to relief.'").

[5] *See Swierkiewicz* 534 U.S. at 514 ("These allegations give respondent fair notice of what petitioner's claims are and the grounds upon which they rest. . . . In addition, they state claims upon which relief could be granted under Title VII and the ADEA."); *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ("There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a plaintiff state a claim upon which relief can be granted."); *Phelps v. Kapnolas*, 308 F.3d 180, 187 (2d Cir. 2002) ("Of course, none of this is to say that a court should hesitate to dismiss a complaint when the plaintiff's allegation . . . fails as a matter of law.") (citation omitted); *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put defendant on fair notice); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2005 U.S. Dist. LEXIS 6686 (S.D.N.Y. Apr. 20, 2005) ("Although Rule 8 does not require plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim.") (citation omitted); *Util. Metal Research & Generac Power Sys.*, 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, *4-5 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); *accord*, *Straker v. Metro Trans. Auth.*, 331 F. Supp.2d 91, 101-102 (E.D.N.Y. 2004); *Tangorre v. Mako's, Inc.*, 01 Civ. 4430, 2002 U.S. Dist. LEXIS 1658, *6-7 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] motion--one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims).

does not require a pleading to state the elements of a prima facie case,[6] it does require the pleading to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 125 S. Ct. 1627, 1634 (2005) (holding that the complaint failed to meet this test) (quoting *Conley*, 355 U.S. at 47).[7] The purpose of this rule is to "facilitate a proper decision on the merits." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Conley*, 355 U.S. at 48). A complaint that fails to comply with this rule "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [plaintiff's] claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion).[8]

---

[6] *See Swierkiewicz* 534 U.S. at 511-512, 515.

[7] *See also Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47); *Leathernman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (quoting *Conley*, 355 U.S. at 47).

[8] Consistent with the Second Circuit's application of § 0.23 of the Rules of the U.S. Court of Appeals for the Second Circuit, I cite this unpublished table opinion, not as precedential authority, but merely to show the case's subsequent history. *See, e.g.*, *Photopaint Technol., LLC v. Smartlens Corp.*, 335 F.3d 152, 156 (2d Cir. 2003) (citing, for similar purpose, unpublished table opinion of *Gronager v. Gilmore Sec. & Co.*, 104 F.3d 355 [2d Cir. 1996]); *U.S. v. Casado*, 303 F.3d 440, 449 n.5 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of *U.S. v. Terry*, 927 F.2d 593 [2d Cir. 1991]); *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 114 (2d Cir. 2002) (citing, for similar purpose, unpublished table opinion of *Zitz v. Pereira*, 225 F.3d 646 [2d Cir. 2000]); *John Hancock Life Ins. Co. v. Wilson*, 254 F.3d 48, 57 (2d Cir. 2001) (citing, for similar purpose, unpublished table opinion of *Herman Miller, Inc. v. Worth Capitol*, 173 F.3d 844 [2d Cir. 1999]); *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *St. Charles Cable TV, Inc. v. Eagle Comtronics, Inc.*, 895 F.2d 1410 [2d Cir. 1989]); *Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 586 (2d Cir. 2000) (citing, for similar purpose, unpublished table opinion of *Planned Parenthood Fed'n of Am. v. Bucci*, 152 F.3d 920 [2d Cir. 1998]).

The Supreme Court has characterized this pleading requirement under Rule 8(a)(2) as "simplified" and "liberal," and has rejected judicially established pleading requirements that exceed this liberal requirement. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-514 (2002) (noting that "Rule 8(a)(2)'s simplified pleading standard applies to all civil actions, with limited exceptions [including] averments of fraud or mistake."). However, even this liberal notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003); *see*, *e.g.*, *Dura Pharm.*, 125 S. Ct. at 1634-1635 (pleading did not meet Rule 8[a][2]'s liberal requirement); *accord*, *Christopher v. Harbury*, 536 U.S. 403, 416-422 (2002), *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234-235 (2d Cir. 2004), *Gmurzynska v. Hutton*, 355 F.3d 206, 208-209 (2d Cir. 2004).[9]

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (affirming grant of motion to dismiss) (citation omitted). "This standard is applied with even greater force where the

---

[9] Several other decisions exist from the Second Circuit affirming the Rule 12(b)(6) dismissal of a complaint after *Swierkiewicz*. *See*, *e.g.*, *Cyril v. Neighborhood Partnership II Housing Development Fund, Inc.*, No. 03-7518, 2005 WL 181659, *2 (2d Cir. Jan. 25, 2005) (relying on pre-*Swierkiewicz* decision by the Second Circuit applying Rule 12[b][6]); *Johnson v. U.S.*, No. 03-6054, 2003 WL 22849896, *1 (2d Cir. Dec. 2, 2003) (relying on pre-*Swierkiewicz* decision by the Second Circuit applying, *inter alia*, Rule 12[b][6]); *Salvador v. Adirondack Park Agency of the State of N.Y.*, No. 01-7539, 2002 WL 741835, *5 (2d Cir. Apr. 26, 2002) (affirming pre-*Swierkiewicz* decision from Northern District of New York interpreting Rule 8[a][2]). Although these decisions are not themselves precedential authority, *see* Rules of the U.S. Court of Appeals for the Second Circuit, § 0.23, I cite them because they clearly acknowledge the continued precedential effect, after *Swierkiewicz*, of cases from within the Second Circuit interpreting Rule 12(b)(6) or Rule 8(a)(2). *See Khan v. Ashcroft*, 352 F.3d 521, 525 (2d Cir. 2003) (relying on summary affirmances because "they clearly acknowledge the continued precedential effect" of *Domond v. INS*, 244 F.3d 81 [2d Cir. 2001], after that case was "implicitly overruled by the Supreme Court" in *INS v. St. Cyr*, 533 U.S. 289 [2001]).

plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Hernandez*, 18 F.3d at 136 (citation omitted).[10]  Indeed, "courts must construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (finding that plaintiff's conclusory allegations of a due process violation were insufficient) (internal quotation and citation omitted).

Finally, when addressing a *pro se* complaint, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).[11]  Of course, an opportunity to replead should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) (citation omitted); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice) (citation omitted).

B.  **Application of Law**

Upon thorough review of Defendants' motion papers and Plaintiff's liberally construed complaint, I have determined that Defendants are entitled to dismissal of Plaintiff's complaint,

---

[10]  *See also Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (2d Cir. 1999) (recognizing and applying standard but affirming dismissal under Rule 12[b][6]) (internal quotations and citation omitted).

[11]  *See also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

largely for the reasons stated in Defendants' memorandum of law (Dkt. No. 19). Authority exists suggesting that a review of whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1(b)(3) is a more limited endeavor than a review of a contested motion to dismiss. *See*, *e.g.*, *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious*") (emphasis added) (citations omitted); *Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]).[12] However, even if I were to treat Defendants' motion as contested, I would conclude that it has merit.

Specifically, I agree that the Eleventh Amendment bars (1) Plaintiff's Section 1983 claims against the State of New York and Marcy Correctional Facility and (2) any claims for money damages by Plaintiff against Defendants Goord and Green in their official capacities (*see* Dkt. No. 1 at 7 ["Prayer for Relief" Section]). (Dkt. No. 10, Part 2 [Mem. of Law] at 2-3, note 3 [citing cases].)

I also agree that Section 24 of the New York Corrections Law bars any state law claims by Plaintiff--for example, for assault, battery, negligence, or intentional infliction of emotional

---

[12] *See also Wilmer v. Torian*, No. 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], but recommending dismissal because of plaintiff's failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers)*, adopted by* 1997 U.S. Dist. LEXIS 16340, *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, No. 95-CV-989, 1996 U.S. Dist. LEXIS 15072, *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

distress, etc. (*see* Dkt. No. 1 at ¶¶ 29, 30, 34, 37)--against the named Defendants for actions taken in the discharge of their official duties (i.e., the hiring, training and supervision of the John Doe Defendants). (Dkt. No. 10, Part 2 [Mem. of Law] at 7 [citing cases].)[13]

I also agree that the portion of Plaintiff's second cause of action that alleges that the named Defendants were negligent in the hiring, training, and supervising of the John Doe Defendants (Dkt. No. 1 at ¶¶ 37, 38) fails to state a claim, because Section 1983 liability may not be premised upon negligence. (Dkt. No. 10, Part 2 [Mem. of Law] at 3 [citing cases].)

I agree that Plaintiff's claims against the John Doe Defendants should be dismissed because none of them have been identified or served with process and, thus, Plaintiff has failed to obtain personal jurisdiction over them. (Dkt. No. 10, Part 2 [Mem. of Law] at 1, note 1.)[14]

---

[13] In addition to the cases cited by Defendants, I rely on *Boyd v. Selmer*, 842 F. Supp. 52, 57 (N.D.N.Y. 1994) (alleged assault occurred as corrections officers were trying to force plaintiff to withdraw his hands into his cell), as general support for the proposition that the named Defendants were acting within the scope of their employment during the relevant time period. (*See also* Dkt. No. 1, ¶ 37 [presuming that it was the duty of Defendants Goord, Green, Marcy C.F. and New York State to hire, train and supervise the John Doe Defendants, in alleging that Defendants Goord, Green, Marcy C.F. and New York State failed to fulfill that duty].) I also note that Plaintiff alleges that the John Doe Defendants themselves were acting "within the scope of their authority" during the alleged assault and battery. (Dkt. No. 1, ¶ 30.)

[14] I note, however, that dismissal here should be pursuant to Rule 12(b)(2) ("lack of jurisdiction over the person"), not Rule 12(b)(6). *See Eberhard Invest. Assoc., Inc. v. Santino*, 01-CV-3840, 2003 WL 22126846, *3 (S.D.N.Y. Sept. 12, 2003) (construing motion to dismiss for failure to serve as motion under Fed. R. Civ. P. 12[b][2], and granting same); *Brooks v. Richardson*, 478 F. Supp. 793, 795 (S.D.N.Y. 1979) ("As to defendant Richardson, since she was never properly served with process, this Court lacks personal jurisdiction. Thus, the claims against her must also be dismissed [pursuant to] Fed. R. Civ. P. 12(b)(2).").
Alternative grounds for dismissal against the John Doe Defendants arguably exist under Fed. R. Civ. P. 4(m) (permitting *sua sponte* dismissal without prejudice after notice to plaintiff, if complaint is not served within 120 days after filing), Fed. R. Civ. P. 12(b)(4) (permitting motion to dismiss for "insufficiency of process"), Fed. R. Civ. P. 12(b)(5) (permitting motion to dismiss for "insufficiency of service of process"), Fed. R. Civ. P. 41(b) (permitting motion to dismiss for failure to prosecute an action), N.D.N.Y. L.R. 41.2(a) (permitting *sua sponte* dismissal for failure

With regard to whether Plaintiff's complaint alleges personal involvement of either Defendant Goord or Defendant Green sufficient to state a claim under Rule 12(b)(6), I agree with Defendants' ultimate conclusion but not necessarily their analysis, as stated. (Dkt. No. 10, Part 2 [Mem. of Law] at 3-5 [citing cases].) Especially after the Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and the Second Circuit's recent decision in *Phillips v. Girdich*, 408 F.3d 124 (2d Cir. 2005), I believe that a district court in the Second Circuit should tread carefully when dismissing a civil rights claim for being insufficiently pled under Rule 8(a)(2)--even when Plaintiff has failed to respond to the motion to dismiss.

Here, I am careful to liberally construe Plaintiff's complaint, accept as true all the material facts alleged therein, and construe all reasonable inferences therefrom in Plaintiff's favor. Having done that, however, I still find that Plaintiff's complaint fails to give Defendants Goord and Green fair notice of what Plaintiff's claims are against them and the grounds upon which those claims rest. For example, how did Defendants Goord and Green recklessly or intentionally fail to train or supervise the John Doe Defendants *before* the alleged assault? It simply would not be fair to Defendants Goord and Green to force them to defend themselves

---

to prosecute an action), and *Saylor v. Bastedo*, 623 F.2d 230, 238-239 (2d Cir. 1980) (recognizing that a district court has the inherent power to dismiss a plaintiff's complaint, *sua sponte*, for failure to prosecute--for example, for failure to timely serve the complaint after filing) (citations omitted). Here, Plaintiff was given notice of his failure to serve the John Doe Defendants, and the potential consequences of that failure, from Defendants' motion papers. (Dkt. No. 10, Part 2 [Mem. of Law] at 1, note 1.) *See Woolfolk v. Thomas*, 725 F. Supp. 1281, 1285 (N.D.N.Y. 1989) (dismissing complaint without prejudice insofar as it named one defendant where plaintiff received notice of that defendant's inadequate-service argument through other defendants' motion papers) (citations omitted). In addition, Plaintiff was notified by the Court that his complaint may be dismissed for the reasons stated in Defendants' motion papers if those reasons had merit and Plaintiff failed to oppose or dispute those reasons. (Dkt. No. 12.)

11

against such vague and conclusory allegations.[15]

In addition to failing to meet the requirements of Rule 8(a)(2), Plaintiff's complaint fails to state a legally cognizable claim under Rule 12(b)(6), against Defendant Goord. Indeed, I can imagine no set of facts, consistent with the allegations of Plaintiff's complaint, that would entitle Plaintiff to relief against Defendant Goord, whom Plaintiff appears to acknowledge is far-removed from the day-to-day training and supervising of corrections officers at Marcy C.F. (Dkt. No. 1 at ¶ 13 [Plaintiff's complaint, acknowledging that Defendant Goord supervises 68 prisons other than Marcy C.F.].)

Granted, Plaintiff's allegations against Defendant Green present a closer call. For example, if I assume as true (as I must for purposes of this motion) Plaintiff's allegations that five guards and some prisoners were involved in the assault, and that Plaintiff received "severe" and "visible" injuries to his face and body as a result of the assault, I can (barely) imagine circumstances under which Defendant Green might have acquired knowledge of the assault. The problem with this exercise is that it is limited by other factual allegations in Plaintiff's complaint. *See Philips*, 408 F.3d at 130 ("We leave it for the district court to determine what other claims, if any, Philips has raised. In so doing, the court's imagination should be limited only by Phillips'

---

[15] Another arguable pleading deficiency of Plaintiff's complaint, which was drafted by an attorney, is Plaintiff's failure to name the John Doe Defendants, under circumstances in which one would expect Plaintiff to possess such information. (*See*, *e.g.*, Dkt. No. 1, ¶ 22 [alleging that the John Doe officers knew Plaintiff well enough to know that he was being released the next day, and that, after the alleged assault, they made themselves known to Plaintiff long enough to intimidate and coerce him].) *Cf. Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998) ("We therefore hold that when a *pro se* plaintiff brings a colorable claim against supervisory personnel, and those supervisory personnel respond with a dispositive motion grounded in the plaintiff's failure to identify the individuals who were personally involved, *under circumstances in which the plaintiff would not be expected to have that knowledge*, dismissal should not occur without the opportunity for additional discovery.") (emphasis added).

factual allegations, not by the legal claims set out in his pleadings.") (citation omitted).[16] Even if I were able to resolve these inconsistencies in Plaintiff's favor, I would not be able to imagine how this *post-assault* knowledge raises any viable legal claim against Defendant Green, much less the asserted claim that he recklessly or intentionally failed to train or supervise the five guards in question *before the assault.*

My conclusions are only strengthened by the fact that, since Defendants' motion to dismiss is at the very least "facially meritorious,"[17] Plaintiff is deemed to have consented to that motion by failing to oppose it, under Local Rule 7.1(b)(3).

Finally, I believe that allowing Plaintiff to replead the following claims would be futile: (1) any claims against the State of New York and Marcy Correctional Facility; (2) any claims for money damages against Defendants Goord and Green in their official capacities; (3) any state law claims (e.g., for assault, battery, negligence, or intentional infliction of emotional distress, etc.) against the named Defendants for actions taken in the discharge of their official duties (i.e., the hiring, training and supervision of the John Doe Defendants); and (4) any claims of negligence against the named Defendants (including a claim that the named Defendants were negligent in the hiring, training, and supervising of the John Doe Defendants). For the reasons stated above,

---

[16]    (*See, e.g.*, Dkt. No. 1, ¶ 22 [alleging that, after the incident, Plaintiff did not truthfully report the assault to prison personnel, i.e., "Nurse #252"], ¶ 3 [alleging that Plaintiff was released from the facility, without having received medical attention, the day after the incident, not that he was in the facility long enough for Defendant Green to personally see his "visible" injuries], ¶ 7 [alleging that Plaintiff's written notice of the assault, which came at some point within 90 days after the incident, was sent, not to Defendant Green, but to Defendant New York State], ¶ 14 [alleging that Defendant Green was responsible for the "operation of the facility" rather than the direct training and supervision of the facility's corrections officers]).

[17]    *See Hernandez*, 2003 U.S. Dist. LEXIS 16258 at *8.

the insufficiencies of these claims are substantive, not merely formal. *See Cuoco*, 222 F.3d at 112; *Cortec Indus.*, 949 F.2d at 48. As a result, I recommend that these claims be dismissed *with prejudice*.

**ACCORDINGLY**, for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 10) be **GRANTED**; and it is further

**RECOMMENDED** that the following claims of Plaintiff's complaint be **DISMISSED WITH PREJUDICE**: (1) any claims against the State of New York and Marcy Correctional Facility; (2) any claims for money damages against Defendants Goord and Green in their official capacities; (3) any state law claims against the named Defendants for actions taken in the discharge of their official duties; and (4) any claims of negligence against the named Defendants; and it is further

**RECOMMENDED** that the remainder of Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 14, 2005
      Syracuse, New York

 

*George H. Lowe*
George H. Lowe
United States Magistrate Judge